CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 03 2011

JULIA A. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| RICKY A. LAM, | ) |
| | ) Civil Action No. 5:10CV00099 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) By: Honorable Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendant. | ) |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. § 1381 et seq. Jurisdiction of this court is pursuant to 42 U.S.C. § 1383(c)(3), which incorporates § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the conditions for entitlement established by and pursuant to the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

The plaintiff, Ricky A. Lam, was born on August 22, 1960 and eventually completed the eighth grade in school. Plaintiff has been employed as a housekeeper and maintenance worker at a ski resort, driveway sealer, construction laborer, and forklift operator. He last worked on a regular basis in 2006. On August 14, 2007, Mr. Lam filed an application for supplemental security

income benefits. In filing his claim, plaintiff alleged that he became disabled for all forms of substantial gainful employment on December 1, 2006 due to depression and insomnia. Plaintiff now maintains that he has remained disabled to the present time.

Mr. Lam's claim was denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated September 29, 2009, the Law Judge also determined that Mr. Lam is not disabled. The Law Judge found that plaintiff suffers from a major depressive disorder. The Law Judge assessed plaintiff's residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity of slight to moderate limitations in ability to understand, remember and carry out detailed instructions and make judgments on simple work-related decisions; has periods of decreased memory and concentration but no side effects of medication; has moderate limitations as expressed by the DDS consultants in 11 areas of functioning (Exhibits 14F and 20F); has a limited ability to understand, remember and carry out detailed instructions but is able to understand, remember and carry out simple, one- or two-step instructions; basic memory processes are intact; can make simple decisions; is able to complete a normal work week without exacerbation of mental symptoms; activities of daily living and social skills are functional; and can perform in production related jobs with little independent decision-making.

(TR 13). After considering Mr. Lam's limitations, the Law Judge held that plaintiff retains sufficient functional capacity to return to his past relevant work roles. As an alternative finding, even assuming that plaintiff is disabled for his past relevant work, and after consideration of Mr. Lam's age, education, and prior work experience, as well as the testimony of a vocational expert, the Law Judge ruled that plaintiff retains sufficient functional capacity to perform a number of other work roles existing in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that Mr. Lam is not disabled, and that he is not entitled to supplemental

security income benefits. See 20 C.F.R. § 416.920(f) and (g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mr. Lam has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. Mr. Lam has a history of medical treatment for a toothache, gallstones, gastroesophagael reflux disorder, restless leg syndrome, insomnia, and some suspected seizure activity. Plaintiff had his gallbladder removed in 2006. However, it is abundantly clear that Mr. Lam's most serious condition consists of a severe depressive disorder without psychotic features, though with occasional panic attacks. Mr. Lam was first treated for depression in about 2005. He has continued under the care of his family practitioner, Dr. R. David Lee. Dr. Lee has submitted clinical notations of depressive symptomatology, which he described as largely situational in origin. Dr. Lee has prescribed

3

medication. In October of 2007, Dr. Lee referred Mr. Lam for psychiatric treatment at the University of Virginia Outpatient Psychiatric Clinic. More recently, Dr. Lee has submitted medical notes, letters, and opinions indicating that Mr. Lam is unemployable because of his depression. However, the Administrative Law Judge relied on the reports from plaintiff's treating physician at the University of Virginia Outpatient Psychiatric Clinic. Dr. Rebecca Pinkham, a psychiatrist, has seen and treated Mr. Lam on several occasions since the referral from Dr. Lee. On April 7, 2008, Dr. Pinkham submitted a statement of plaintiff's mental ability for work-related activities. Despite her continuing diagnosis of a severe depressive disorder, Dr. Pinkham noted that Mr. Lam experiences only slight to moderate limitations in terms of specific work-related emotional components. The court concludes that Dr. Pinkham qualifies as a treating medical specialist within the meaning of 20 C.F.R. § 416.927(d). The court concludes that the Administrative Law Judge might reasonably rely on the findings and opinions of Dr. Pinkham in determining that plaintiff is not disabled for his past relevant work role, or other work roles existing in significant number in the national economy. It follows that the final decision of the Commissioner must be affirmed.

Without question, during the period of time following his application for supplemental security income benefits, Mr. Lam has received primary psychiatric care at the University of Virginia Outpatient Psychiatric Clinic. As noted above, plaintiff was referred to this facility by his family physician, Dr. Lee. The reports from the Outpatient Psychiatric Clinic reveal that Dr. Pinkham, and her associates, have pursued a variety of therapeutic measures in an attempt to control Mr. Lam's depressive symptoms, including various oral medications and electroconvulsive therapy. While Dr. Pinkham considers plaintiff to suffer from severe depression without psychotic

features, she has noted on several occasions that plaintiff's most severe symptoms appear to be subject to reasonable medical control. In her medical statement dated April 7, 2008, Dr. Pinkham noted no more than slight to moderate limitations in plaintiff's ability to understand and remember detailed instructions, carry out detailed instructions, and make judgments on simple work-related decisions. She noted no impairment in Mr. Lam's capacity for understanding and remembering short, simple instructions, and carrying out short, simple instructions. (TR 289). She noted that he experiences a slight impairment in his ability to concentrate due to decreased sleep and slowed performance.

Under 20 C.F.R. § 416.927(d)(1), it is provided that more weight should be given to the opinion of a medical source who has actually examined the plaintiff. Moreover, 20 C.F.R. § 416.927(d)(2) provides that even greater weight is to be given to the medical findings and opinions of a source who has actually treated the claimant. Finally, 20 C.F.R. § 416.927(d)(5) indicates that more weight should be given to the opinion of a medical specialist about issues related to that area of specialty. In the instant case, the Administrative Law Judge clearly relied on the reports, findings, and opinions of Dr. Pinkham. The Law Judge concluded that the general opinion of Dr. Lee as to plaintiff's disability is inconsistent with the reports and opinions from the treating medical specialists. In such circumstances, the court can only conclude that the Law Judge's disposition of the case is supported by substantial evidence.

On appeal to this court, plaintiff argues that the medical record is not clear, and that the hypothetical questions posed to the vocational expert were inaccurate and/or inaudible. Plaintiff seeks remand of his case to the Commissioner for correction of these deficiencies. However, the

court finds no cause for remand. Dr. Pinkham's reports are well detailed, and her conclusions are clear and precise. Moreover, after considering Dr. Pinkham's assessment, the Administrative Law Judge determined that plaintiff's residual functional capacity is not so impacted as to prevent his performance of his past relevant work roles. Thus, even assuming that there was some problem with the Law Judge's questioning of the vocational expert, or the transcription of the expert's testimony, the final decision of the Commissioner is, nevertheless, supported by substantial evidence, inasmuch as it is not necessary to receive vocational input in determining a claimant's capacity to perform past relevant work. See 20 C.F.R. §§ 416.920 and 416.960. See Wright-Hines v. Commissioner of Social Sec., 597 F.3d 392, 395 (6th Cir. 2010) ("[T]he ALJ was not required to solicit testimony from a VE in reaching his conclusion [at step four of the sequential analysis]."); Glenn v. Shalala, 21 F.3d 983, 988 (10th Cir. 1994) (same). See also 20 C.F.R. § 404.1560(b)(2) ("We may use the services of vocational experts . . . to help us determine whether you can do your past relevant work [.]") (emphasis added).

Mr. Lam also argues that the Administrative Law Judge failed to consider the limiting effects of the psychiatric medications prescribed for depression. However, Dr. Pinkham's report belies this assertion. The psychiatrist specifically noted that plaintiff's difficulty with sleep, focus, concentration, and decreased energy, are consistent with his depression and are not side-effects of his medication. (TR 290). Finally, Mr. Lam maintains that all of Dr. Lee's reports are not included in the administrative record. Plaintiff believes that the case should be remanded so that a complete record can be prepared. Once again, however, the court finds no cause for remand based on this deficiency. Both the Administrative Law Judge and the court have assumed that Dr.

Lee considered plaintiff to be totally disabled because of severe depression. The Law Judge determined that there was sufficient cause to give greater weight to reports which held to the contrary. Accordingly, the court believes that any additional reports from Dr. Lee would be cumulative, and that the inclusion of such reports in the administrative record could not reasonably be expected to result in any different disposition in this matter. If Mr. Lam's medical picture changes in the months and years ahead, the proper recourse is to file a new application for supplemental security income benefits. However, the court concludes that the Commissioner's denial of plaintiff's current claim is supported by substantial evidence and must be affirmed.

In affirming the final decision of the Commissioner, the court does not suggest that Mr. Lam is free of all depression, anxiety, and lethargy. Indeed, there is no question but that plaintiff suffers from severe depression which affects all aspects of his life. However, it must again be noted that the specialists chosen by his family physician to treat the depression specifically found that Mr. Lam's symptoms are not so severe as to significantly affect his work-related emotional capacity. It must be recognized that the inability to do work without any subjective discomfort does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). Once again, it appears to the court that the Administrative Law Judge's consideration of this case was consistent with the governing administrative scheme. The court further concludes that the Administrative Law Judge considered the subjective manifestations which are reasonably consistent with Dr. Pinkham's psychiatric assessment. The court believes that the Administrative Law Judge's treatment of this case was reasonable and consistent with the evidence of record. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

DATED: This 2nd day of June, 2011.

/s/ Glen Conrad
Chief United States District Judge